U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 15 2008

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN DAUTRIEL, ET AL** | : | **DOCKET NO. 07-cv-1735** |
| **VS.** | : | **JUDGE MINALDI** |
| **COLGAN AIR INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On July 23, 2007, John Dautriel and Gary M. Seemion (hereinafter "Dautriel" and "Seemion") filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Colgan Air, Inc. and AIG Aviation, Inc. (hereinafter "Colgan" and "AIG") were made defendants. Dautriel and Seemion claim that each was a passenger on a Continental Airlines flight from Lake Charles to Houston on August 16, 2006, on a turboprop plane operated by Colgan pilots, "when suddenly and without warning they flew through turbulence which caused the plaintiffs to be violently thrown out of their seats causing injuries and damages." Petition ¶ 2 [doc. # 1, Attachment 1]. Dautriel suffered neck and back pains, and a cut on his head, and sought damages for "past, present and future mental and physical pain and suffering, disability, loss of earnings, loss of future earning capacity and loss of enjoyment of life." *Id.* at ¶¶ 5-6. Seemion suffered neck and shoulder pain and headaches, and sought damages for "past, present and future medical expenses, and past, present and future mental and physical pain and suffering, disability, loss of earnings, loss of future earning capacity and loss of enjoyment of life." *Id.* at ¶¶ 7-8. Dautriel and Seemion's petition asked for "damages as are reasonable in the

premises" and for "such additional relief as the law, equity and nature of the case may permit. *Id.* at ¶ 10. AIG is Colgan's insurer. *Id.* at ¶ 8.

On October 19, 2007, Colgan removed the case to federal court [doc. # 1] on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332(a) & 1446(b), alleging that, based on facts provided by Dautriel, over $75,000 is in controversy, as required for removal. Notice of Removal ¶ 10-11 [doc. # 1]. No facts regarding Seemion's claim were furnished in the removal petition, however, Colgan asserts that removal is proper, as jurisdiction may be had as to Seemion's claim pursuant to supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendant AIG consented to removal.

On November 16, 2007, Dautriel and Seemion filed the instant motion to remand [doc. # 7] arguing that their petition states that their damages "do not exceed the jurisdictional amount necessary for a trial by jury in state court, or $50,000." Motion to Remand ¶ 2 [doc. # 7]. Colgan argued that Dautriel and Seemion had refused to stipulate that their damages would not exceed $50,000 as they "do not know what the future holds in the course of the[ir] . . . medical condition." Notice of Removal ¶¶ 6-7, Exhibit 4 [doc. # 1, Exhibits].

The matter is now before the court.[1]

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961). As the defendant bears the burden of establishing federal jurisdiction via removal, it is appropriate to look to the removal petition to ascertain jurisdiction.

In cases removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

jurisdictional threshold of $75,000+. The Fifth Circuit requires that "[t]he defendant . . . make this showing either . . . (1) by demonstrating that it is 'facially apparent' [from the plaintiff's petition] that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).

"Once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864 (5th Cir. 2002) (citing De *Aguilar*, 47 F.3d at 1412). In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, litigants wishing to prevent removal must file a binding stipulation or affidavit with their complaints. *Manguno v. Prudential Pro. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) (citing *De Aguilar*, 47 F.3d at 1412). Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, they must affirmatively renounce the right to accept a judgment in excess of $75,000 for their pre-removal state court pleadings and stipulations to be binding. La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 U.S. Dist. LEXIS 20077 (E.D. La. 2003).

In the instant case, although Dautriel and Seemion's petition states that their injuries do not rise to more than $50,000 in damages, each alleges substantial damages, including mental and physical pain, disability, and loss of earnings and potential loss of future earnings, in unspecified amounts. There is an inherent contradiction in these statements, particularly as the plaintiffs' do not include a renunciation of an award greater than the jurisdictional minimum.

3

The result is that the amount in controversy is not clear from the facts listed in the petition, and therefore, the defendants must show that there is a sufficient amount in controversy, preferably in their removal petition, but alternatively, in affidavits or other summary judgment-type evidence. And this they have done amply and with specificity. Dautriel provided Colgan his medical records showing an MRI of the lumbar spine indicating discs bulging at L4-5 and L5-S1 levels, which he alleges were caused by the Colgan pilots' failure to prevent him from being thrown from his seat as the plane was rocked by turbulence. Colgan argues that such disc bulges might produce "injury to the functioning of the nerve root, with pain and functional disability affecting the use of the back and other normal functions." Colgan has shown numerous instances of damages in excess of the jurisdictional minimum which were awarded for similar injuries in various Louisiana circuits over the past 12 years.[2] Notice of Removal ¶ 21, Exhibit 9 [doc. # 1, Exhibits]. Furthermore, Colgan has provided deposition testimony, in which Dautriel – who works for Kellogg Brown Root, and has been assigned to work in Iraq since 2004 – indicates that his annual income is at least $168,000, but might be as much as $192,000.[3] With such an income, Dautriel would not have to be off work for very long to lose $75,000 in wages. I find that Colgan has met the removal burden and has proved by a preponderance of the evidence that by combining a potential award for spine injury with a possible award for lost wages, the jurisdictional minimum of $75,000 in controversy is amply met.

---

[2] *See, e.g., Sepulvado v. Turner*, 37, 912 (La. App. 2 Cir. 12/10/03); 862 So. 2d 457 (affirming $250,000 general damages for symptomatic S-1 disc syndrome); *Arnold v Airborne Freight Corp.*, 94-1728 (La. App. 1 Cir. 9/27/95); 667 So. 2d 1063 (affirming $149,900 for back injury); *Campbell v. Webster Parish Policy Jury*, 36,392 (La. App. 2 Cir. 9/18/02); 828 So. 2d 170 (affirming $75,000 for non-operated lumbar sprain-strain with continuing symptoms); et cetera.

[3] "[M]y take home – what – what I usually take home is anywhere from probably 15, $16,000 a month. $14,000 a month. Somewhere in that neighborhood." Memorandum in Opposition to Plaintiff's Motion to Remand, Exhibit A, at p. 21, lines 16-18 [doc. # 9, Exhibits].

Once the removing party has proved that there is a basis for jurisdiction, the plaintiff may defeat removal only by showing that it is legally certain he cannot recover more than $75,000 with a stipulation, preferably in or accompanying the original petition. This Dautriel and Seemion have not done. In fact, when asked by Colgan to stipulate that their damages would be limited to less than $50,000, as they stated in their petition, the plaintiffs refused to do so, stating that the extent of their medical conditions were still unknown, and that it would be premature to limit their damages while their medical conditions remained uncertain. This statement does not defeat jurisdiction, but in fact supports the defendant's contention that the amount in controversy is satisfied.

Accordingly, I find that the defendant has established by a preponderance of evidence that the amount in controversy exceeds $75,000. Therefore, we may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS

ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 15th day of January, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE