


UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN DAUTRIEL, INDIVIDUALLY, AND GARY M. SEEMION, INDIVIDUALLY | : | DOCKET NO. 07-CV-1735 |
| VS. | : | JUDGE MINALDI |
| COLGAN AIR, INC. AND AIG AVIATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment, filed by defendant AIG Aviation, Inc. (hereinafter "AIG") [doc. 18]. The plaintiffs, John Dautriel and Gary M. Seemion (hereinafter "the plaintiffs"), filed a letter with the Court indicating that they do not oppose AIG's Motion for Summary Judgment [doc. 20].

## FACTS

The plaintiffs were allegedly injured while aboard an aircraft on August 26, 2006.[1] The incident occurred over Texas.[2] On July 23, 2007, the plaintiffs filed suit in the 14th JDC against Colgan Air, which provided the pilots in said incident, and AIG, the insurance company that issued a policy in favor of Colgan Air.[3] AIG delivered the policy to Colgan's headquarters in

---

[1] Compl. [doc. 1].

[2] Def.'s Mot. for Summary Judgment Ex. 1 (Dautriel Dep. p. 90) [doc. 18].

[3] Compl. [doc. 1].

1

Manassas, Virginia.[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The Federal Rules also permit a court to issue summary judgment on a portion of a plaintiff's claim. FED. R. CIV. P. 56(a) & (c). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

A plaintiff may recover directly against the alleged tortfeasor's insurer under the direct action statute, LA. REV. STAT. ANN. § 22:655(B)(2), in three limited instances: when the accident occurred in Louisiana, when the policy was issued in Louisiana, or when the policy was delivered in Louisiana. *Landry v. Traveler's Indem. Co.*, 704 F. Supp. 109, 110 (W.D. La. 1989).

---

[4] Def.'s Mot. for Summary Judgment Ex. 2 (Mary C. Finnigan Aff.) [doc. 18].

2

"The right to maintain a direct action against the insurer of an alleged tortfeasor under the Louisiana statute exists only where the cause or right of action arose in the State of Louisiana." *Guess v. Read*, 290 F.2d 622, 624 (5th Cir. 1961). AIG argues that the plaintiffs cannot sue AIG under LA. REV. STAT. ANN. § 22:655(B)(2) because the accident occurred in Texas, not Louisiana. AIG presents uncontroverted summary judgment evidence that the accident occurred in Texas and therefore the plaintiffs cannot bring a direct action under this prong of LA. REV. STAT. ANN. § 22:655(B)(2). AIG also presents uncontroverted summary judgment evidence that the policy was delivered in Virginia, and thus this ground cannot provide the basis for a direct action suit against AIG.

AIG does not, however, acknowledge that the plaintiffs may sue the insurer directly under LA. REV. STAT. ANN. § 22:655(B)(2) if the policy was issued in Louisiana, nor does AIG submit any summary judgment evidence indicating that the policy was not issued in Louisiana. Thus, AIG has not satisfied its summary judgment burden of proving that there is no triable issue of fact as to whether the plaintiffs may sue AIG under the direct action statute;[5] accordingly,

IT IS ORDERED that the Motion for Summary Judgment, filed by AIG, is hereby DENIED.

Lake Charles, Louisiana, this 29 day of  May , 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] Nothing in this Memorandum Ruling prevents AIG from reurging this Motion with competent summary judgment evidence indicating that the policy was not issued in Louisiana.

3