U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT - 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN DAUTRIEL, INDIVIDUALLY, AND GARY M. SEEMION, INDIVIDUALLY | : | DOCKET NO. 07-CV-1735 |
| VS. | : | JUDGE MINALDI |
| COLGAN AIR, INC. AND AIG AVIATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Revised Motion for Summary Judgment, filed by defendant AIG Aviation, Inc. (hereinafter "AIG") [doc. 25]. The plaintiffs, John Dautriel and Gary M. Seemion (hereinafter "the plaintiffs"), did not file an opposition.

## FACTS

The plaintiffs were allegedly injured while aboard an aircraft on August 26, 2006.[1] The incident occurred over Texas.[2] On July 23, 2007, the plaintiffs filed suit in the 14th JDC against Colgan Air, which provided the pilots in the incident, and AIG, Colgan Air's liability insurer.[3] AIG delivered the policy to Colgan's headquarters in Manassas, Virginia.[4] The policy was issued

---

[1] Compl. [doc. 1].

[2] Def.'s Ex. 1 (John Dautriel Dep. p. 90).

[3] Compl. [doc. 1].

[4] Def.'s Ex. 2 (Mary C. Finnigan Aff.)

1

in New York and not in Louisiana.[5]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The Federal Rules also permit a court to issue summary judgment on a portion of a plaintiff's claim. FED. R. CIV. P. 56(a) & (c). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

On May 29, 2008, this Court denied AIG's first Motion For Summary Judgment.[6] This Court noted that pursuant to Louisiana's direct action statute, LA. REV. STAT. ANN. § 22:655(B)(2), a plaintiff may recover against the alleged tortfeasor's insurer in three limited

---

[5] *Id.* ¶ 5.

[6] Mem. Order (May 29, 2008) [doc. 24].

instances: when the accident occurred in Louisiana, when the policy was issued in Louisiana, or when the policy was delivered in Louisiana.[7] *Landry v. Traveler's Indem. Co.*, 704 F. Supp. 109, 110 (W.D. La. 1989). This Court held that AIG presented uncontroverted summary judgment evidence that the accident occurred in Texas and and that the policy was delivered in Virginia.[8] This Court, however, found that AIG failed to present summary judgment evidence that the policy was not issued in Louisiana and thus failed to satisfy its summary judgment burden.[9]

On August 19, 2008, AIG filed this Revised Motion For Summary Judgment and included an affidavit stating that the policy was issued in New York and not in Louisiana.[10] Because AIG has submitted competent summary judgment evidence demonstrating that the plaintiffs cannot sue AIG under any of the three scenarios articulated in LA. REV. STAT. ANN. § 22:655(B)(2),

IT IS ORDERED that the Motion for Summary Judgment, [doc. 25], filed by AIG, is hereby GRANTED;

IT IS FURTHER ORDERED that AIG is hereby DISMISSED from this suit.

Lake Charles, Louisiana, this __6__ day of __Oct__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 2.

[8] *Id.* at 3.

[9] *Id.*

[10] Def.'s Ex. 2 ¶ 5 (Mary C. Finnigan Aff.)

3