U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR - 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN DAUTRIEL, INDIVIDUALLY, AND GARY M. SEEMION, INDIVIDUALLY | : | DOCKET NO. 07-CV-1735 |
| VS. | : | JUDGE MINALDI |
| COLGAN AIR, INC. AND AIG AVIATION | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a motion for imposition of dismissal or other sanctions, filed by defendant Colgan Air, Inc. (hereinafter "Colgan") [doc. 36]. The plaintiff, Gary M. Seemion, filed an opposition [doc. 52]. Colgan seeks to dismiss the case pursuant to the Court's inherent power to sanction a party who attempts to perpetrate a fraud on the court because Mr. Seemion testified falsely that he did not have neck, shoulder, or back pain prior to 2006.

### RELEVANT DEPOSITION TESTIMONY

Mr. Seemion's alleged injuries were incurred during turbulence on a flight between Lake Charles and Texas on August 26, 2006. He filed suit, alleging neck and shoulder pain.[1] Mr. Seemion was first deposed on August 21, 2008, after he was requested to provide his medical history and had not done so.[2] During that deposition, the following exchange occurred:

> Q: As you have gotten older before 2006, you had occasions when you had pains and aches and things in your shoulder, neck, back, right?"

---

[1] Compl. [doc. 1-1].

[2] Def.'s Mem. in Supp. of Mot. to Dismiss, at 1 [doc. 36-2].

1

A: No. The only pain I had, tingling in my left hand [that] I mentioned earlier.

Q: OK. Do you remember what they told you the cause of that was?

A: They said it was probably carpal tunnel syndrome.[3]

Prior to that question, Mr. Seemion was also asked whether he had seen any doctors in the past ten years, and Mr. Seemion disclosed a single visit to Dr. Gabel in Texas.[4] Asked again what other doctors he had seen in the past ten years, he responded that he went to the Family Medical Center for colds and flu-like symptoms a few times a year, and that "was basically it."[5]

Following the August 2008 deposition, defense counsel obtained Mr. Seemion's medical records, which revealed doctor's visits for neck and shoulder pain dating back to 1999.[6] In 1999, Mr. Seemion had a cervical MRI, which showed problems in the cervical spine.[7] In 2003, he was diagnosed with cervical disc disease and calcium deposits in his cervical spine.[8] As early as 1999, a home cervical traction unit was prescribed and used.[9] According to the medical records, his neck condition flared up every year and a half, requiring physical therapy.[10] As recently as July 2006, only one month prior to the accident, Mr. Seemion went to the doctor complaining of neck and

---

[3] Def.'s Ex. A (Seemion Aug. 21, 2008 Dep.), pp. 75-76.

[4] *Id.* p. 33.

[5] *Id.* p. 39.

[6] *See* Def.'s Exs. C-E.

[7] Def.'s Ex. B (Seemion Feb. 3, 2009 Dep.), pp. 45.

[8] *Id.* pp. 42-44.

[9] *Id.* p. 30.

[10] *Id.* p. 39.

2

shoulder pain.[11]

After an extensive review of his medical history, Mr. Seemion was asked if his previous answer on August 21, 2008 to the question "As you have gotten older before 2006, you had occasions when you had pains and aches and things in your shoulder, neck, back, right?" was incorrect. Mr. Seemion responded that he should have said he didn't remember.[12] Moreover, Mr. Seemion stated that all of the treatment was for pain to his extremities and not his neck, even though the problems originated in his neck.[13]

## ANALYSIS

Based on the discrepancies between Mr. Seemion's 2008 deposition testimony and his medical records and 2009 deposition testimony, Colgan moves to dismiss the case with prejudice under this court's inherent power to impose sanctions. Mr. Seemion asks this Court to reserve the imposition of sanctions, if any, until after he has testified live in open court.

District courts have an inherent power to sanction. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (noting that federal district courts have the implicit power to sanction to "achieve the orderly and expeditious disposition of cases"). "[I]nherent powers must be exercised with restraint and discretion." *Id.* at 44. Dismissal, although severe, is within the district court's discretion, as is the imposition of attorney's fees.[14] *Id.* at 45.

The Fifth Circuit has stated that dismissal with prejudice is "an extreme sanction that

---

[11] *Id.* p. 47.

[12] *Id.* p. 59.

[13] *Id.* p. 60.

[14] The Court recognized three scenarios under which a district court may award attorney's fees pursuant to its inherent powers. *Id.* at 45-46. The third scenario, which may be relevant here, permits the shifting of attorney's fees if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id.* at 46.

3

deprives the litigant of the opportunity to pursue his claim." *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)). "Additionally, the district court is bound to impose the least severe sanction available." *Id.* (reversing the district court's dismissal of the entire case with prejudice as a sanction, where the plaintiff submitted an altered recording as evidence and gave untruthful testimony at a hearing, and remanding to the district court for a selection of a less burdensome sanction that falls short of dismissal); *see also Shepard v. Am. Broadcasting Cos.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995) (noting that "dismissal is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions").

To dismiss a case with prejudice requires a finding of bad faith and an abuse of the judicial process. *See Gonzalez*, 117 F.3d at 898. It is unclear under which standard of evidence a district court in the Fifth Circuit must make this finding; however, other courts have required clear and convincing evidence. *See Shepard*, 62 F.3d at 1480. After finding bad faith, the district court must consider lesser sanctions and provide a reasonable explanation for rejecting lesser sanctions. *See id.* at 1478-79; *see also Gonzalez*, 117 F.3d at 899.[15]

Having reviewed the parties' briefs and evidence, and the relevant jurisprudence, this Court does not find that dismissal with prejudice is warranted. The Fifth Circuit states that "the district court is bound to impose the least severe sanction available," and dismissal is not the least severe sanction. *See Gonzalez*, 117 F.3d at 898. This Court does, however, intend to pay very careful attention at trial to Mr. Seemion's testimony and demeanor, and shall consider very carefully whether and the extent to which sanctions should be imposed for his erroneous statements given in his August 2008 deposition; accordingly,

---

[15] Even if these two requirements are satisfied, the jurisprudence indicates that the fraud must involve an important issue in the case for dismissal to be appropriate. *See Shepard*, 62 F.3d at 1480 (noting that the alleged fraud did not "go to the heart of plaintiffs' case").

IT IS ORDERED that Colgan's motion for imposition of dismissal or other sanctions [doc. 36] is hereby DENIED.

Lake Charles, Louisiana, this ___ day of _____, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE