U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 1 0 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN DAUTRIEL, INDIVIDUALLY, AND GARY M. SEEMION, INDIVIDUALLY | : | DOCKET NO. 07-CV-1735 |
| VS. | : | JUDGE MINALDI |
| COLGAN AIR, INC. AND AIG AVIATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a motion in limine to apply common carrier law of Texas, filed by defendant Colgan Air, Inc. (hereinafter "Colgan") [doc. 41]. Colgan seeks a ruling that the law of Texas governs the standard of care in this case, which is set for jury trial March 23, 2009.

A federal district court sitting in diversity applies the choice of law rules of the state in which it sits to determine which state's law governs the dispute before the court. *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975). Pursuant to La. Civ. Code art. 3543:

> Issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct.
>
> In all other cases, those issues are governed by the law of the state in which the injury occurred, provided that the person whose conduct caused the injury should have foreseen its occurrence in that state.
>
> The preceding paragraph does not apply to cases in which the conduct that caused the injury occurred in this state and was caused by a person who was domiciled in, or had another significant connection with, this state. These cases are governed by the law of this state.

As noted in this Court's October 6, 2008 Memorandum Ruling, the incident and alleged

1

injury occurred in Texas.[1] Accordingly, Texas substantive law shall apply. *See, e.g., Hills v. Brinks*, 07-4207, 2008 WL 243944, *7 (E.D. La. 01/25/2008). In Texas, the standard of care a common carrier owes is "that degree of care that would be exercised by a very cautious and prudent person, under the same or similar circumstances." *See, e.g., Speed Boat Leasing, Inc. v. Elmer*, 124 S.W. 3d 210, 212, 213 (Tex. 2003) (noting that airplanes are "common carriers," given that their primary function is to provide public freight or passenger transportation services); accordingly,

IT IS ORDERED that Colgan's motion in limine [doc. 41] is hereby GRANTED.

Lake Charles, Louisiana, this __8__ day of __March__, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] [doc. 27].